IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BOARD OF TRUSTEES OF THE LABORERS
HEALTH AND WELFARE TRUST FUND FOR
NORTHERN CALIFORNIA; BOARD OF
TRUSTEES OF THE LABORERS
VACATION-HOLIDAY TRUST FUND FOR
NORTHERN CALIFORNIA; BOARD OF
TRUSTEES OF THE LABORERS PENSION
TRUST FUND FOR NORTHERN
CALIFORNIA; and BOARD OF TRUSTEES
OF THE LABORERS TRAINING AND
RETRAINING TRUST FUND FOR
NORTHERN CALIFORNIA,

       Plaintiffs,

  v.

KUDSK CONSTRUCTION, INC.; and
LARRY JAMES KUDSK,

       Defendants.

_____/

No. C 12-165 CW

ORDER GRANTING
PLAINTIFFS' MOTION
TO STRIKE ANSWER
(Docket No. 18)

    Plaintiffs Board of Trustees of the Laborers Health and

Welfare Trust Fund for Northern California, Board of Trustees of

the Laborers Vacation-Holiday Trust Fund for Northern California,

Board of Trustees of the Laborers Pension Trust Fund for Northern

California, and Board of Trustees of the Laborers Training and

Retraining Trust Fund for Northern California move to strike the

answers to Plaintiffs' complaint filed by Defendants Kudsk

Construction, Inc. and Larry James Kudsk.  Defendants have not

filed a response to Plaintiffs' motion.  The Court takes

Plaintiffs' motion under submission on the papers.  Having

considered the papers filed by Plaintiffs, the Court GRANTS the

motion and STRIKES Defendants' answers.

United States District Court
For the Northern District of California

BACKGROUND

On January 10, 2012, Plaintiffs filed their complaint seeking to recover employee fringe benefit contributions owed by Defendants.  Docket No. 1.

On February 15, 2012, Defendants, through shared counsel, filed answers to Plaintiffs' complaint.  Docket Nos. 6 and 7.

On February 29, 2012, at the request of Defendants, the parties agreed to and filed a joint stipulation to stay the case for ninety days to allow the parties attempt to resolve the dispute informally.  Docket No. 14; Richman Decl. ¶ 3.

On March 2, 2012, the Court granted the parties' stipulation and ordered the parties to appear at a case management conference on June 6, 2012 at 2:00 p.m.  Docket No. 15.  The Court directed the parties to submit a joint case management statement seven days prior to the case management conference advising the Court as to the status of the parties' informal attempts to resolve the case. Id.

Once the stay was issued, Defendants refused to respond to Plaintiffs' attempts to discuss the case.  Richman Decl. ¶ 3. Prior to the case management conference, Plaintiffs drafted a joint case management statement and sent it to Defendants for their input.  Id. at ¶ 4.  Defendants did not respond.  Id.

Defendants failed to appear at the June 6, 2012 case management conference.  Docket No. 17.  At that time, the Court directed Plaintiffs to file a motion for default judgment.

On July 6, 2012, Plaintiffs filed the instant motion to strike Defendants' answers.  Docket No. 18.  Pursuant to Civil Local Rule 7-3(a), Defendants were required to file their response

to the motion to strike by July 20, 2012.  Defendants have not filed a response.

LEGAL STANDARD

"District courts have inherent power to control their dockets.  In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  Federal Rule of Civil Procedure 16(f) provides, among other things, that, if a party or its attorneys "fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order," the court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii). See Federal Rule of Civil Procedure 16(f)(1)(A)-(C).  Rule 37(b)(2)(A)(iii), in turn, authorizes the court to strike pleadings in whole or in part.  "Where the sanction results in default, the sanctioned party's violations must be due to the willfulness, bad faith, or fault of the party." Hester v. Vision Airlines, Inc., 2012 U.S. App. LEXIS 14683, at *13 (9th Cir.) (internal quotations omitted).  "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." Jorgenson v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003).

"A court must consider the following five factors before striking a pleading or declaring default: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions."

United States District Court
For the Northern District of California

Hester, 2012 U.S. App. LEXIS 14683, at *14 (internal quotations
omitted).  Three subfactors that assist in evaluating the fifth
factor include (1) the availability of lesser sanctions; (2) the
use of lesser sanctions before termination; and (3) the adequate
warning of the possibility of termination.  Id. at *16.  "The fact
that a court does not implement a lesser sanction before striking
an answer is not dispositive."  Id. at *17.  Further, while a
court may be required to provide warning when a court sua sponte
dismisses a case, an express warning of the possibility of
termination is not required in the context of a noticed motion.
See In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d
1217, 1229 (9th Cir. 2006).

                           DISCUSSION

     Defendants here have failed to comply with the Court's
scheduling order by refusing to participate in the preparation of
a joint case management statement and failing to appear at the
case management conference.  Defendants also failed to engage in
informal settlement discussions after requesting that Plaintiffs
agree to stay prosecution of this action for this purpose and the
Court ordered such a stay.  Defendants have not argued or shown
that their disobedience was outside their control.  Thus, the
Court concludes that their conduct demonstrates willfulness, bad
faith, or fault.

     The first two factors favor striking Defendants' answer.
Their conduct has impeded resolution of this case and has
prevented the Court from setting a schedule by which this case
could proceed.  The third factor also favors granting the motion.
Defendants' refusal to participate in this action has prejudiced

1    Plaintiffs' ability to proceed to a trial to resolve the merits of

2    their claims.   See In re PPA Prods. Liab. Litig., 460 F.3d at

3    1227.   While courts generally hold that the fourth factor counsels

4    against dismissal, "a case that is stalled or unreasonably delayed

5    by a party's failure to comply with deadlines and discovery

6    obligations cannot move forward toward resolution on the merits."

7    Id. at 1228.

8         Finally, the Court concludes that the fifth factor also

9    favors striking Defendants' answers.   Defendants' conduct thus far

10   demonstrates that a warning or additional chance to respond will

11   not be effective.   The Court made clear at the case management

12   conference that it would entertain a motion for default judgment

13   in this case.   Defendants were also on notice that Plaintiffs

14   sought to strike their answers.   Yet, they failed to respond to

15   the motion in any way.   Further, as previously noted, they have

16   not offered any explanation or reason to conclude that these were

17   failures were not willful or in bad faith.

18                            CONCLUSION

19        For the reasons set forth above, the Court GRANTS Plaintiffs'

20   unopposed motion to strike Defendants' answers (Docket No. 18).

21   Defendants' answers are hereby STRICKEN.   The Court directs the

22   Clerk to enter default against Defendants.

23        Plaintiffs shall file a motion for default judgment within

24   thirty days of the date of this Order.

25        IT IS SO ORDERED.

26

27   Dated: 7/23/2012

     CLAUDIA WILKEN
     United States District Judge

28